IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

ARTHUR MILLER,

      Plaintiff,

vs.                                                          Case No:  22-CA-001874

SAMUEL KAUFMAN,

      Defendant.

_____ /

### DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

TO: Clerk of the Circuit Court, Lee County, Florida

Notice is hereby given that pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1332, and 28 U.S.C. § 1446 that Defendant, SAMUEL KAUFMAN, by and through its undersigned counsel, has filed in the United States District Court for the Middle District of Florida, Fort Myers Division, a Notice of Removal of this action.  A copy of the Notice of Removal is attached to this Notice.

Pursuant to 28 U.S.C. §1446(d), the filing of this Notice of Removal with the Clerk for the Twentieth Judicial Circuit in and for Lee County effects removal of this action to the United States District Court, "and the State [matter] shall proceed no further unless and until the case is remanded."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been furnished by email transmission to Brittany Varrichio, Esq. and Dennis Hernandez, Esq. to litigation@dennishernandez.com, Dennis Hernandez & Associates, P.A., 3339 West Kennedy Boulevard, Tampa, Florida 33609 on this the _1st_ day of ___June___, 2022.

BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL 33916
Telephone:     (239) 322-1300
Facsimile:     (239) 322-1310
Email: service-edehaan@bankerlopez.com

BY: _____
        Elizabeth A. Dehaan
        Florida Bar No. 105846
        *Attorney for Defendant*

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHUR MILLER,

    Plaintiff,

vs.                                                                 Case No:  2:22-cv-345

SAMUEL KAUFMAN,

    Defendant.

_____ /

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, SAMUEL KAUFMAN ("Defendant") hereby removes to this Court the action filed against him in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, Case No. 2022-CA-001874.  As grounds for removal of this action to the United States Court for the Middle District of Florida, Fort Myers Division, Defendant states as follows:

## INTRODUCTION/FACTUAL BACKGROUND

1.   This Complaint arises from a motor vehicle accident involving Plaintiff, ARTHUR MILLER and Defendant, SAMUEL KAUFMAN on December 31, 2020, which Plaintiff alleges caused him personal injury.  The Amended Complaint is attached as Exhibit "A".

1

2.      As a result, Plaintiff filed this lawsuit in the Circuit Court in and for Lee County on May 3, 2022, captioned *Arthur Miller v. Samuel Kaufman* (the "Circuit Court case"). The Circuit Court case was assigned Case Number 2022-CA-001874. On May 13, 2022, Defendant Samuel Kaufman received and was served with a copy of the Summons and Plaintiff's Amended Complaint. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the Circuit Court file for Case No. 2022-CA-001874 are attached hereto as Exhibit "B".

3.      The Amended Complaint was served on Defendant on May 13, 2022. This Removal, therefore, is being effected within the thirty (30) days of the first receipt of the Amended Complaint by Defendant and is otherwise timely. *See* 28 USC § 1446 (b).

## GROUNDS FOR REMOVAL

4.      Removal is proper in this case based on diversity jurisdiction. A District Court's diversity jurisdiction may be invoked where there is complete diversity between the parties at interest properly joined and served and where the matter in controversy exceeds $75,000.00. Both requirements are met in this case. *See* 28 U.S.C. § 1441.

5.      "The removing party must make an affirmative showing of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time

2

removal is attempted." *Piccolo v. J.C. Penny Corp., Inc.*, 2006 WL 2927097 at *1

(M.D. Fla. Oct. 11, 2006) (internal quotations omitted).

6.      In order to determine diversity jurisdiction, this Court should look to

the "totality of the evidence." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp.

2d 1349, 1355 (M.D. Fla. 2001). The requirements for removal under diversity of

citizenship are met as follows:

**DIVERSITY OF CITIZENSHIP EXISTS**

7.      Diversity of citizenship exists when a suit is between citizens of different

States. 28 U.S.C. § 1332 (a)(1). Here, there is complete diversity of citizenship

between Plaintiff and Defendant because they are citizens of different States.

8.      Upon information and belief, ARTHUR MILLER is a citizen of

Florida.

        a.      For purposes of diversity jurisdiction, the court must look to the

citizenship of the parties at the time when the action was filed. *See Freeport–

McMoRan, Inc. v. K N Energy, In*c., 498 U.S. 426, 428 (1991). Citizenship is

equivalent to "domicile" for the purposes of diversity jurisdiction. *McCormick

v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is

the place of his true, fixed, and permanent home and principal establishment,

and to which he has the intention of returning whenever he is absent

therefrom." *Id*. at 1257-58 (internal quotations and citations omitted).

3

Further, where one lives is prima facie evidence of domicile. *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *Stine v. Moore*, 213 F.2d 446, 448 (holding that while "residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile"); *see also King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72 (11th Cir. 2007) (recognizing a presumption that a person's state of residence is also his state of domicile).

    b.    Plaintiff alleges that he resides in Lee County, Florida. [Amend. Compl. at ¶ 2.]

    c.    Further, the Plaintiff has a driver's license in the State of Florida. Exhibit "C".

    d.    "There is a presumption that the state in which a person resides at a given time is also that person's domicile for purposes of diversity jurisdiction." *Jones*, 141 F. Supp. 2d at 1355. Since there is a lack of any allegation that the Plaintiff was domiciled or citizen of anywhere but Florida, the Court may presume, until controverted by fact, that the Plaintiff was domiciled in Florida and was a citizen of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011).

9.    Samuel Kaufman is a citizen of the state of Virginia. [See Ex. "D", Affidavit of Samuel Kaufman.]

4

10.    Plaintiff is a citizen of Florida and Defendant is a citizen of Virginia. Therefore, diversity of citizenship is complete since the Plaintiff does not share citizenship with Defendant.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11.    The Plaintiff's claim in this matter exceeds $75,000.00, exclusive of attorney's fees or costs.

12.    In the Amended Complaint, Plaintiff claims the damages are in "excess of $30,000" and otherwise does not demand a specific sum. [Amend. Compl. at ¶ 1.] Florida law permits recovery of damages in excess of $30,000.00.   Although Plaintiff's Amended Complaint in this matter does not assert a specific dollar amount for damages, Plaintiff asserts a claim for bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expenses of hospitalization, of medical and nursing care and treatment, loss of earnings and ability to earn a living and that the losses are permanent. [Amend. Compl. at ¶ 14.]

13.    "Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement." *Piccolo v. J.C. Penny Corp., Inc*., 2006 WL 2927097 at *1 (M.D. Fla. Oct. 11, 2006)*.

5

14.     That requirement is met in the instant case based on Plaintiff's claims that he alleges he sustained serious, permanent injuries to his neck, lower back, mid back, and left shoulder as a result of the subject accident. [See Exhibit "E", Plaintiff's Demand.] Defendant received updated medical bills from Plaintiff which demonstrate the outstanding medical bills to date are approximately $69,845.33. [See Exhibit "F", Redacted Medical Bills]. The bill from Dr. Kagan for the surgery performed on February 2, 2022 is not included in this total as the updated billing record was not provided, which would only add onto this total.

15.     Plaintiff also makes a wage loss claim, would add onto this total. [Amend. Compl.  at ¶ 14.] Further, any additional suggested medical procedures would also add onto this total. *Id.* Based on this past and future medical treatment and lost ability to earn future wages claimed by Plaintiff, Plaintiff's suit places into controversy damages sought which exceed $75,000.00. Plaintiff is also making pain and suffering claims, which would expand his damages. *Id.*

16.     Although Defendant denies any liability in this matter, a reasonable reading of Plaintiff's Amended Complaint and demand letter show that the amount in controversy exceeds $75,000.00, exclusive of attorney's fees and costs.

## REMOVAL IS OTHERWISE PROPER

17.     Under 28 U.S.C. § 1441(a), venue properly rests in the Fort Myers Division of the United States District Court for the Middle District of Florida, as this

action is being removed from the State Court where it was originally filed in the Twentieth Judicial Circuit, in and for Lee County, Florida.

18.     There is no other defendant named in this action. Therefore, Defendant does not need to obtain the consent from any other party prior to removal.

19.     Written notice of this filing is being promptly given to counsel for Plaintiff and a Notice of Filing this Notice of Removal is being promptly filed with the Clerk of Court of the Twentieth Judicial Circuit, in and for Lee County, Florida., as required by 28 U.S.C. § 1446(d). A copy of this Notice is attached hereto as Exhibit "G".

WHEREFORE, for the reasons stated above, Defendant has removed the action presently pending against him in the Twentieth Judicial Circuit, in and for Lee County, Florida, Case No. 2022-CA-001874 to the United States District Court for the Middle District of Florida, Fort Myers Division.

Dated this 1st day of June, 2022.


                                            /s/Elizabeth Dehaan
                                            Elizabeth Dehaan, Esquire
                                            Florida Bar No: 105846
                                            BANKER LOPEZ GASSLER P.A.
                                            4415 Metro Parkway, Suite 208
                                            Fort Myers, FL  33916
                                            Tel No:  (239) 322-1300
                                            Fax No: (239) 322-1310
                                            Email: service-edehaan@bankerlopez.com
                                            Attorneys for Defendant

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing

was electronically served via the Court's CM/ECF System and by way of USPS,

postage prepaid, this 1st day of June 2022, on the following counsel of record

identified below:

Brittany Varrichio, Esq.
Dennis Hernandez, Esq.
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, Florida 33609
Tel No.: (813) 250-0000
litigation@dennishernandez.com
*Counsel for Plaintiff*


                              */s/ Elizabeth Dehaan*
                              Elizabeth Dehaan, Esquire
                              Florida Bar No: 105846
                              BANKER LOPEZ GASSLER P.A.
                              4415 Metro Parkway, Suite 208
                              Fort Myers, FL  33916
                              Tel No:  (239) 322-1300
                              Fax No: (239) 322-1310
                              Email: service-edehaan@bankerlopez.com
                              *Attorneys for Defendant*