Filing # 148862044 E-Filed 05/03/2022 02:26:37 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE TWENTIETH   JUDICIAL CIRCUIT,
IN AND FOR LEE   COUNTY, FLORIDA

Aurthur Miller
Plaintiff

Case # _____
Judge _____

vs.
Samuel Kaufman
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

eFiled Lee County Clerk of Courts Page 2

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Dennis Hernandez          Fla. Bar # 915210
        Attorney or party                 (Bar # if attorney)

Dennis Hernandez                05/03/2022
(type or print name)           Date

- 3 -

Filing # 148862044 E-Filed 05/03/2022 02:26:37 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

AURTHUR MILLER,
an individual,

                                   CASE NO.

    Plaintiff,

                                   DIVISION:

v.

SAMUEL KAUFMAN,
an individual,

    Defendant.

_____/

## NOTICE OF EMAIL DESIGNATION

Pursuant to Florida Rule of Judicial Administration 2.516, the undersigned law firm hereby designates the following primary email address:

**Primary e-mail: Litigation@DennisHernandez.com**

All papers and pleadings filed in this action should be served on the undersigned at the email address set forth above.

Date: 05/03/2022

                                       _____
                                       Dennis Hernandez, Esquire
                                       Florida Bar Number: 915210
                                       Brittany Varrichio, Esquire
                                       Florida Bar Number: 104926
                                       Dennis Hernandez & Associates, P.A.
                                       3339 West Kennedy Boulevard
                                       Tampa, FL 33609
                                       Telephone: (813) 250-0000
                                       Facsimile: (813) 258-4567
                                       Email: Litigation@DennisHernandez.com
                                     Attorney for the Plaintiff

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

AURTHUR MILLER,
an individual,

                          CASE NO.

       Plaintiff,

                          DIVISION:

v.

SAMUEL KAUFMAN,
an individual,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AURTHUR MILLER ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SAMUEL KAUFMAN ("Defendant"), and states as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1.     This is a negligence action for compensatory damages exceeding Thirty Thousand Dollars ($30,000.00) exclusive of costs and interest.

2.     At all times material hereto, Plaintiff was a resident of Lee County, Florida.

3.     At all times material hereto, Defendant was a resident of Chesterfield County, Virginia.

4.     Because the motor vehicle collision described in this Complaint occurred in Lee County, Florida, venue is proper in Lee County pursuant to §47.011, *Florida Statutes.*

## GENERAL FACTUAL ALLEGATIONS

Plaintiff re-alleges paragraphs one (1) through four (4) as though fully set forth herein and further states as follows:

5.      At all times mentioned in this Complaint, Defendant owned and operated a vehicle described as a 2018 Mercedes, tag number UTH3251, which was registered in the state of Virginia.

6.      Plaintiff was the properly restrained driver of a vehicle described as a 2016 Nissan Altima, tag number ▮▮▮▮▮▮

7.      At all times mentioned in this Complaint, Defendant held a diver license issued by the state of Virginia using the roads of the state of Florida.

8.      On December 31, 2020, Defendant was traveling east on Colonial Boulevard approaching the on-ramp for I75 to Tampa. Plaintiff was in the westbound turn lane to turn south onto I75 to Naples.

9.      Defendant became confused and didn't observe the entrance lane had a solid red light.

10.     Plaintiff was proceeding onto the south bound on-ramp when Defendant negligently struck Plaintiff's vehicle.

11.     As a result of the crash, Plaintiff suffered serious injuries.

### COUNT I – PLAINTIFF'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges paragraphs one (1) through eleven (11) as though fully set forth herein, and further states as follows:

12.     Defendant had a duty to operate his automobile in a safe and reasonable manner.

13.     Defendant breached the duty to operate his automobile in a safe and reasonable manner by colliding with the vehicle in which the Plaintiff was traveling, and by:

a. Failing to operate the vehicle in a reasonably careful way, considering the traffic conditions and all other relevant circumstances, so as to ensure the safety of others on the roadway, such as Plaintiff, or others reasonably anticipated to be on the roadway, whether as drivers or passengers;

b. Failing to keep a reasonable lookout for other vehicles and failing to properly be aware of other vehicles, like the one in which Plaintiff was the driver, and others reasonably anticipated to be on the roadway;

c. Failing to keep and maintain proper control of the vehicle;

d. Failing to exercise caution in traffic with other vehicles, like the one of which Plaintiff was the driver, and others reasonably anticipate being on the roadway; and

e. Failing to take appropriate and necessary evasive action under the circumstances.

14.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expenses of hospitalization, of medical and nursing care and treatment, loss of earnings and ability to earn a living. The losses are permanent and/or continuing and Plaintiff will suffer losses in the future.

**WHEREFORE**, Plaintiff requests judgment against Defendant, SAMUEL KAUFMAN, for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper. Plaintiff demands a trial by jury.

Respectfully Submitted,

Date: 05/03/2022

_____

Dennis Hernandez, Esquire
Florida Bar Number: 915210

Brittany Varrichio, Esquire
Florida Bar Number: 104926
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 250-0000
Facsimile: (813) 258-4567
Email: Litigation@DennisHernandez.com
Attorney for the Plaintiff

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

AURTHUR MILLER,
an individual,

                                CASE NO.

      Plaintiff,

                                DIVISION:

v.

SAMUEL KAUFMAN,
an individual,

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, AURTHUR MILLER, in accordance with Rule 1.350, *Florida Rules of Civil Procedure*, hereby requests that Defendant, SAMUEL KAUFMAN, produce within forty-five (45) days of service at the offices of Dennis Hernandez & Associates, P.A., 3339 West Kennedy Boulevard, Tampa, Florida 33609, the documents listed in the following pages.

Date: 05/03/2022

               _____

               Dennis Hernandez, Esquire
               Florida Bar Number: 915210
               Brittany Varrichio, Esquire
               Florida Bar Number: 104926
               Dennis Hernandez & Associates, P.A.
               3339 West Kennedy Boulevard
               Tampa, FL 33609
               Telephone: (813) 250-0000
               Facsimile: (813) 258-4567
               Email: Litigation@DennisHernandez.com
               Attorney for the Plaintiff

## DEFINITIONS AND INSTRUCTIONS

A.    As herein, "you", "your" or "Defendant" means SAMUEL KAUFMAN and/or all other persons acting on his behalf.

B.    As herein, "person" means any natural person, individual, corporation, partnership, joint venture group, association, governmental unit or agency, or other organization.

C.    "Communication" means any correspondence, contact, discussion, or exchange between any two or more persons, without limiting the foregoing, "communication" includes all documents, telephone conversations or face-to-face conversations, meetings and conferences.

D.    "Oral communications" means the act or fact of communicating and includes, without limitation, the singular as well as the plural, all conversations, telephone conversations, statements, discussions, debates, arguments, discourses, colloquies, interviews, consultations and every other kind of oral uttering.

E.    As herein, "documents" or "other documents" shall mean the original and any copy of any document or thing subject to production under Rule 1.350 that is in your actual or constructive possession, or control, including but not limited to any memorandum, report, contract, notes, letter, telegram, correspondence, advertisement, manual, price list, ledger, account, worksheet, telex, minutes, or any other written, printed, recorded, typed, mechanical, electronic, computer-stored or graphic matter of any kind however produced or reproduced and all drafts thereof. Any copy contained thereon or attached thereto any alterations, notes, comments, or other material not included in any original or other copy shall not be deemed an identical copy but shall be deemed a separate document within the foregoing definition. Without limitation on the term "control" as used in the preceding sentences, a document is deemed to be in your control if you have the right to procure the document or a copy thereof from another person (e.g. your attorney, public or private entity) having actual or physical possession thereof. If any document requested was, but is no longer, in your possession or subject to your control as defined herein, state what disposition was made of it, and the date or approximate date on which it was disposed of.

F.    "Identify," when used in reference to an individual person, means to state his full name, present address, if known, and his present employment position and business affiliation. When used in reference to a person other than an individual person, "identify" means to state whether that person is a corporation, partnership, or other organization, and the name, present and last known address and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that person to state only the name.

G.    "Identify," when used in reference to a document or documents means to state the date, the author, the addressee, type of document, and any other means of identifying with sufficient particularity to meet the requirements for its inclusion in a request for production of documents pursuant to Rule 1.350 of the Florida Rules of Civil Procedure. If any such document is no longer in the possession of the defendant or subject to defendant's control, state what disposition was made of it and the reason for that disposition. In lieu of identifying

any document, a true and correct copy may be annexed to and incorporated in the answers to these interrogatories.

H.    "Relating to" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, delegating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

I.    "All" includes the word "any" and "any" includes the word "all".

J.    "Each" includes the word "every" and "every" includes the word "each."

K.    "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the requested documents which might otherwise be construed to be outside its scope.

L.    To the extent that you are unable to respond fully to any request, produce as many documents as you are able and state why you are not able to respond fully.

M.    If you withhold any documents from production on the grounds of privilege, for each such document please identify the documents so withheld, state the grounds for withholding those documents, identify the nature of the document, the addressee and the preparer of the document, the date of the document and the party in possession of the document. (See Florida Rule of Civil Procedure 1.280(b)(5).

## DOCUMENTS TO BE PRODUCED

1.   All incident reports, correspondence, e-mails, notes, memoranda or other information in your possession regarding the incident of December 31, 2020, described in the Complaint.

2.   All policies of insurance providing liability coverage with respect to the incident described in the Complaint, including cover pages or declaration sheets, as well as any endorsements to such policies.

3.   All photographs (both in color hard copy and in electronic, digital, color format), videotapes, documents, or films relating to the incident of December 31, 2020, described in the Complaint, including, but not limited to, photographs of the accident scene and photographs of any vehicle involved in the incident of December 31, 2020, described in the Complaint.

4.   All surveys, drawings, diagrams, plats or maps related to the incident described in the Complaint.

5.   All written policies, procedures, manuals, or other documents in effect on December 31, 2020, regarding operation of the vehicle involved in the incident described in the Complaint.

6.   All titles, registrations, leases, agreements, contracts, or any other written materials relating to ownership, control or use of the vehicle involved in the incident described in the Complaint on December 31, 2020.

7.   All correspondence, reports, communications, citations or other materials provided to or received from any public agency relating to the incident described in the Complaint.

8.   A copy of your driver's licenses, front and back.

9.   All documentation relating to any violation of law, (including any regulations or ordinances) with which you were charged arising out of the incident of December 31, 2020, described in the Complaint.

10.   All calendars, journals, date books, logs, agendas, schedules, planners, ticket stubs, receipts, and expense reports/reimbursement requests, whether in paper or electronic format, reflecting your plans, meetings, travels, or other activities on December 31, 2020.

11.   All documents relied upon or consulted by you or anyone on your behalf in connection with preparation of the answers to Plaintiff's First Set of Interrogatories that you did not otherwise produce in response to the Plaintiff's First Request for Production.

12.   All IME/CME reports conducted on the Plaintiff.

13.   Copies of all cell phone records for the day of the incident described in the Complaint.

14.   Copies of all repair estimates and final bills for the vehicle involved in the incident described in the Complaint.

15.    All recorded statements made relating to the December 31, 2020, accident given by, but not limited to: Defendant, SAMUEL KAUFMAN; Plaintiff; AURTHUR MILLER; and any and all witnesses or individuals involved.

16.    Copies of any photographs, videos, facsimiles, or renderings of surveillance or monitoring the Plaintiff.

17.    Any and all documentation in any form whatsoever reflecting any claims made for injuries or property damages by Plaintiff either prior to or subsequent to the accident at issue in this cause, including but not limited to all Claims Index Bureau information.

18.    Documentation received from the Claims Index Bureau or other similar service.

Filing # 148862044 E-Filed 05/03/2022 02:26:37 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

AURTHUR MILLER,
an individual,

        Plaintiff,

v.

SAMUEL KAUFMAN,
an individual,

        Defendant.

_____/

CASE NO.

DIVISION:

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT

COMES NOW the Plaintiff, AURTHUR MILLER, by and through his undersigned attorney, and hereby serves the Defendant, SAMUEL KAUFMAN, the attached First Interrogatories numbered one (1) through twenty-four (24), answers to which will be due forty-five (45) days from the date of service hereof, pursuant to rule 1.340m *Florida Rules of Civil Procedure*.

Date: 05/03/2022

_____
Dennis Hernandez, Esquire
Florida Bar Number: 915210
Brittany Varrichio, Esquire
Florida Bar Number: 104926
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 250-0000
Facsimile: (813) 258-4567
Email: Litigation@DennisHernandez.com
Attorney for the Plaintiff

Filing # 148862044 E-Filed 05/03/2022 02:26:37 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

AURTHUR MILLER,
an individual,

                                    CASE NO. 22-CA-001874

     Plaintiff,

                                    DIVISION:

v.

SAMUEL KAUFMAN,
an individual,

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Process Server:

     **YOU ARE COMMANDED** to serve this Summons, a copy of the Complaint and

discovery requests in the above-styled cause upon Defendant, SAMUEL KAUFMAN.

                     By Serving:   **SAMUEL KAUFMAN**
                                        **13403 ELLERTON TERRACE**
                                        **MIDLOTHAIN, VA 23113**

     The Defendant is required to serve written defenses to the Complaint on Dennis Hernandez,

Esquire, Plaintiff's attorney, whose address is:

                         3339 WEST KENNEDY BOULEVARD
                               TAMPA, FL 33609
                               (813) 250-0000
               Email: LITIGATION@DENNISHERNANDEZ.COM

within twenty (20) days after service of this summons on that Defendant, exclusive of the day of

service, and to file the original of the written defenses with the Clerk of this Court either before

service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default

will be entered against that Defendant for the relief demanded in the Complaint or Petition.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

DATED on _____May 3_____, 2022.

Kevin C. Karnes
As Clerk of the Court

By_____
As Deputy Clerk

(Court Seal)

5/3/2022 3:57 PM FILED LEE COUNTY CLERK OF COURTS

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                         CIVIL ACTION

CASE NO: 22-CA-001874

Miller, Aurthur
   Plaintiff
vs
Kaufman, Samuel
   Defendant
_____/

## STANDING ORDER IN CIRCUIT CIVIL CASES IN THE
## TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial Administration 2.545, and Administrative Order 1.13 (as amended) entered by the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's fees on copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases (other than residential foreclosures, involuntary commitment of sexually violent predators, Extraordinary Writs, 90 day Notice of Medical Malpractice Claim, and Administrative Appeals), the parties are required to participate in the case management system. The Court will issue a Case Management Plan after 150 days of the filing of a case in the event the parties have not submitted an Agreed Case Management Plan that has been approved by the Court. However, if it becomes necessary to amend the court-issued Case Management Plan, the parties may submit an Agreed Case Management Plan, subject to approval by the Court, or if the parties cannot agree on an Amended Plan, the parties may request a case management conference. The form of the Agreed Case Management Plan may be accessed at the Court's website at: https://www.ca.cjis20.org/Programs/Civil-Case-Management/generalcivil.aspx. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory. Agreed Case Management Plans are to be submitted to Lee County Civil Case Management by email in Word format to LeeCircuitCivilCM@ca.cjis20.org or if no access to email then mailed to Lee County Civil Case Management 1700 Monroe Street Fort Myers Fl. 33901. DO NOT file with the Clerk of Court.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an

Rev. 9/28/21

out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. The Court, at its discretion, may order the case be referred to Non-Binding Arbitration. Non-Binding Arbitration is the process in which the court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award which may become a final judgment if a Motion for Trial De Novo is not timely filed pursuant to Fla.R.Civ.P. 1820(h).

4. **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record of activity within a ten (10) month period of time.

5. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel practicing within the Circuit and self-represented litigants. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

**DONE AND ORDERED** in Chambers at Fort Myers, Lee County, Florida.

/s/Alane C. Laboda
Administrative Circuit Judge

****Original on file in the office of the Circuit Court Administrative Judge, Lee County**

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

ARTHUR MILLER,
an individual,

                         CASE NO.

     Plaintiff,

                         DIVISION:

v.

SAMUEL KAUFMAN,
an individual,

     Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

(*Amended to correct caption*)

     Plaintiff, ARTHUR MILLER ("Plaintiff"), by and through the undersigned counsel,

hereby sues Defendant, SAMUEL KAUFMAN ("Defendant"), and states as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

     1.     This is a negligence action for compensatory damages exceeding Thirty Thousand

Dollars ($30,000.00) exclusive of costs and interest.

     2.     At all times material hereto, Plaintiff was a resident of Lee County, Florida.

     3.     At all times material hereto, Defendant was a resident of Chesterfield County,

Virginia.

     4.     Because the motor vehicle collision described in this Complaint occurred in Lee

County, Florida, venue is proper in Lee County pursuant to §47.011, *Florida Statutes.*

## **GENERAL FACTUAL ALLEGATIONS**

Plaintiff re-alleges paragraphs one (1) through four (4) as though fully set forth herein and further states as follows:

5.     At all times mentioned in this Complaint, Defendant owned and operated a vehicle described as a 2018 Mercedes, tag number UTH3251, which was registered in the state of Virginia.

6.     Plaintiff was the properly restrained driver of a vehicle described as a 2016 Nissan Altima, tag number ▇▇▇▇▇

7.     At all times mentioned in this Complaint, Defendant held a diver license issued by the state of Virginia using the roads of the state of Florida.

8.     On December 31, 2020, Defendant was traveling east on Colonial Boulevard approaching the on-ramp for I75 to Tampa. Plaintiff was in the westbound turn lane to turn south onto I75 to Naples.

9.     Defendant became confused and didn't observe the entrance lane had a solid red light.

10.     Plaintiff was proceeding onto the south bound on-ramp when Defendant negligently struck Plaintiff's vehicle.

11.     As a result of the crash, Plaintiff suffered serious injuries.

### **COUNT I – PLAINTIFF'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT**

Plaintiff re-alleges paragraphs one (1) through eleven (11) as though fully set forth herein, and further states as follows:

12.     Defendant had a duty to operate his automobile in a safe and reasonable manner.

13.     Defendant breached the duty to operate his automobile in a safe and reasonable manner by colliding with the vehicle in which the Plaintiff was traveling, and by:

a.  Failing to operate the vehicle in a reasonably careful way, considering the traffic conditions and all other relevant circumstances, so as to ensure the safety of others on the roadway, such as Plaintiff, or others reasonably anticipated to be on the roadway, whether as drivers or passengers;

b.  Failing to keep a reasonable lookout for other vehicles and failing to properly be aware of other vehicles, like the one in which Plaintiff was the driver, and others reasonably anticipated to be on the roadway;

c.  Failing to keep and maintain proper control of the vehicle;

d.  Failing to exercise caution in traffic with other vehicles, like the one of which Plaintiff was the driver, and others reasonably anticipate being on the roadway; and

e.  Failing to take appropriate and necessary evasive action under the circumstances.

14.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expenses of hospitalization, of medical and nursing care and treatment, loss of earnings and ability to earn a living.  The losses are permanent and/or continuing and Plaintiff will suffer losses in the future.

**WHEREFORE**, Plaintiff requests judgment against Defendant, SAMUEL KAUFMAN, for damages in a sum within the jurisdictional limits of this court, together with costs of suit and such further relief as the court deems proper.  Plaintiff demands a trial by jury.

Respectfully Submitted,

Date:  05/09/2022

_____
Dennis Hernandez, Esquire
Florida Bar Number: 915210
Brittany Varrichio, Esquire

Florida Bar Number: 104926
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 250-0000
Facsimile: (813) 258-4567
Email: Litigation@DennisHernandez.com
Attorney for the Plaintiff

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

ARTHUR MILLER,
an individual,

                                            CASE NO.

     Plaintiff,

                                            DIVISION:

v.

SAMUEL KAUFMAN,
an individual,

     Defendant.

_____/

## **AMENDED NOTICE OF EMAIL DESIGNATION**

(*Amended to correct caption*)

Pursuant to Florida Rule of Judicial Administration 2.516, the undersigned law firm hereby

designates the following primary email address:

**Primary e-mail: Litigation@DennisHernandez.com**

All papers and pleadings filed in this action should be served on the undersigned at the

email address set forth above.

Date: 05/09/2022

                                        _____
                                        Dennis Hernandez, Esquire
                                        Florida Bar Number: 915210
                                        Brittany Varrichio, Esquire
                                        Florida Bar Number: 104926
                                        Dennis Hernandez & Associates, P.A.
                                        3339 West Kennedy Boulevard
                                        Tampa, FL 33609
                                        Telephone: (813) 250-0000
                                        Facsimile: (813) 258-4567
                                        Email: Litigation@DennisHernandez.com
                                        Attorney for the Plaintiff

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

ARTHUR MILLER,
an individual,

           CASE NO.

  Plaintiff,

           DIVISION:

v.

SAMUEL KAUFMAN,
an individual,

  Defendant.

_____/

## PLAINTIFF'S AMENDED FIRST REQUEST
## FOR PRODUCTION TO DEFENDANT

(*Amended to correct caption*)

Plaintiff, ARTHUR MILLER, in accordance with Rule 1.350, *Florida Rules of Civil Procedure*, hereby requests that Defendant, SAMUEL KAUFMAN, produce within forty-five (45) days of service at the offices of Dennis Hernandez & Associates, P.A., 3339 West Kennedy Boulevard, Tampa, Florida 33609, the documents listed in the following pages.

Date: 05/09/2022

        _____
        Dennis Hernandez, Esquire
        Florida Bar Number: 915210
        Brittany Varrichio, Esquire
        Florida Bar Number: 104926
        Dennis Hernandez & Associates, P.A.
        3339 West Kennedy Boulevard
        Tampa, FL 33609
        Telephone: (813) 250-0000
        Facsimile: (813) 258-4567
        Email: Litigation@DennisHernandez.com
        Attorney for the Plaintiff

## DEFINITIONS AND INSTRUCTIONS

A.   As herein, "you", "your" or "Defendant" means SAMUEL KAUFMAN and/or all other persons acting on his behalf.

B.   As herein, "person" means any natural person, individual, corporation, partnership, joint venture group, association, governmental unit or agency, or other organization.

C.   "Communication" means any correspondence, contact, discussion, or exchange between any two or more persons, without limiting the foregoing, "communication" includes all documents, telephone conversations or face-to-face conversations, meetings and conferences.

D.   "Oral communications" means the act or fact of communicating and includes, without limitation, the singular as well as the plural, all conversations, telephone conversations, statements, discussions, debates, arguments, discourses, colloquies, interviews, consultations and every other kind of oral uttering.

E.   As herein, "documents" or "other documents" shall mean the original and any copy of any document or thing subject to production under Rule 1.350 that is in your actual or constructive possession, or control, including but not limited to any memorandum, report, contract, notes, letter, telegram, correspondence, advertisement, manual, price list, ledger, account, worksheet, telex, minutes, or any other written, printed, recorded, typed, mechanical, electronic, computer-stored or graphic matter of any kind however produced or reproduced and all drafts thereof.  Any copy contained thereon or attached thereto any alterations, notes, comments, or other material not included in any original or other copy shall not be deemed an identical copy but shall be deemed a separate document within the foregoing definition. Without limitation on the term "control" as used in the preceding sentences, a document is deemed to be in your control if you have the right to procure the document or a copy thereof from another person (e.g. your attorney, public or private entity) having actual or physical possession thereof.  If any document requested was, but is no longer, in your possession or subject to your control as defined herein, state what disposition was made of it, and the date or approximate date on which it was disposed of.

F.   "Identify," when used in reference to an individual person, means to state his full name, present address, if known, and his present employment position and business affiliation. When used in reference to a person other than an individual person, "identify" means to state whether that person is a corporation, partnership, or other organization, and the name, present and last known address and principal place of business.  Once any person has been identified properly, it shall be sufficient thereafter when identifying that person to state only the name.

G.   "Identify," when used in reference to a document or documents means to state the date, the author, the addressee, type of document, and any other means of identifying with sufficient particularity to meet the requirements for its inclusion in a request for production of documents pursuant to Rule 1.350 of the Florida Rules of Civil Procedure.  If any such document is no longer in the possession of the defendant or subject to defendant's control,

state what disposition was made of it and the reason for that disposition.  In lieu of identifying any document, a true and correct copy may be annexed to and incorporated in the answers to these interrogatories.

H.    "Relating to" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, delegating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

I.    "All" includes the word "any" and "any" includes the word "all".

J.    "Each" includes the word "every" and "every" includes the word "each."

K.    "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the requested documents which might otherwise be construed to be outside its scope.

L.    To the extent that you are unable to respond fully to any request, produce as many documents as you are able and state why you are not able to respond fully.

M.    If you withhold any documents from production on the grounds of privilege, for each such document please identify the documents so withheld, state the grounds for withholding those documents, identify the nature of the document, the addressee and the preparer of the document, the date of the document and the party in possession of the document. (See Florida Rule of Civil Procedure 1.280(b)(5).

## DOCUMENTS TO BE PRODUCED

1.   All incident reports, correspondence, e-mails, notes, memoranda or other information in your possession regarding the incident of December 31, 2020, described in the Complaint.

2.   All policies of insurance providing liability coverage with respect to the incident described in the Complaint, including cover pages or declaration sheets, as well as any endorsements to such policies.

3.   All photographs (both in color hard copy and in electronic, digital, color format), videotapes, documents, or films relating to the incident of December 31, 2020, described in the Complaint, including, but not limited to, photographs of the accident scene and photographs of any vehicle involved in the incident of December 31, 2020, described in the Complaint.

4.   All surveys, drawings, diagrams, plats or maps related to the incident described in the Complaint.

5.   All written policies, procedures, manuals, or other documents in effect on December 31, 2020, regarding operation of the vehicle involved in the incident described in the Complaint.

6.   All titles, registrations, leases, agreements, contracts, or any other written materials relating to ownership, control or use of the vehicle involved in the incident described in the Complaint on December 31, 2020.

7.   All correspondence, reports, communications, citations or other materials provided to or received from any public agency relating to the incident described in the Complaint.

8.   A copy of your driver's licenses, front and back.

9.   All documentation relating to any violation of law, (including any regulations or ordinances) with which you were charged arising out of the incident of December 31, 2020, described in the Complaint.

10.   All calendars, journals, date books, logs, agendas, schedules, planners, ticket stubs, receipts, and expense reports/reimbursement requests, whether in paper or electronic format, reflecting your plans, meetings, travels, or other activities on December 31, 2020.

11.   All documents relied upon or consulted by you or anyone on your behalf in connection with preparation of the answers to Plaintiff's First Set of Interrogatories that you did not otherwise produce in response to the Plaintiff's First Request for Production.

12.   All IME/CME reports conducted on the Plaintiff.

13.   Copies of all cell phone records for the day of the incident described in the Complaint.

14.   Copies of all repair estimates and final bills for the vehicle involved in the incident described in the Complaint.

15.  All recorded statements made relating to the December 31, 2020, accident given by, but not limited to: Defendant, SAMUEL KAUFMAN; Plaintiff; ARTHUR MILLER; and any and all witnesses or individuals involved.

16.  Copies of any photographs, videos, facsimiles, or renderings of surveillance or monitoring the Plaintiff.

17.  Any and all documentation in any form whatsoever reflecting any claims made for injuries or property damages by Plaintiff either prior to or subsequent to the accident at issue in this cause, including but not limited to all Claims Index Bureau information.

18.  Documentation received from the Claims Index Bureau or other similar service.

Filing # 149194722 E-Filed 05/09/2022 12:28:57 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

ARTHUR MILLER,
an individual,

                              CASE NO.

      Plaintiff,

                              DIVISION:

v.

SAMUEL KAUFMAN,
an individual,

      Defendant.

_____/

**PLAINTIFF'S AMENDED NOTICE OF SERVING FIRST SET OF
INTERROGATORIES TO DEFENDANT**
(*Amended to correct caption*)

      COMES NOW the Plaintiff, ARTHUR MILLER, by and through his undersigned attorney,

and hereby serves the Defendant, SAMUEL KAUFMAN, the attached Amended First

Interrogatories numbered one (1) through twenty-four (24), answers to which will be due forty-

five (45) days from the date of service hereof, pursuant to rule 1.340m *Florida Rules of Civil

Procedure.*

Date:  05/09/2022

                                _____
                                Dennis Hernandez, Esquire
                                Florida Bar Number: 915210
                                Brittany Varrichio, Esquire
                                Florida Bar Number: 104926
                                Dennis Hernandez & Associates, P.A.
                                3339 West Kennedy Boulevard
                                Tampa, FL 33609
                                Telephone: (813) 250-0000
                                Facsimile: (813) 258-4567
                                Email: Litigation@DennisHernandez.com
                                Attorney for the Plaintiff

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

ARTHUR MILLER,
an individual,

CASE NO.  22-CA-001874

DIVISION:

Plaintiff,

v.

SAMUEL KAUFMAN,
an individual,

Defendant.

_____/

## AMENDED SUMMONS
(*Amended to correct caption*)

THE STATE OF FLORIDA:
To Each Process Server:

**YOU ARE COMMANDED** to serve this Summons, a copy of the Complaint and

discovery requests in the above-styled cause upon Defendant, SAMUEL KAUFMAN.

By Serving:  **SAMUEL KAUFMAN**
**13403 ELLERTON TERRACE**
**MIDLOTHAIN, VA 23113**

The Defendant is required to serve written defenses to the Complaint on Dennis Hernandez,

Esquire, Plaintiff's attorney, whose address is:

3339 WEST KENNEDY BOULEVARD
TAMPA, FL 33609
(813) 250-0000
Email: LITIGATION@DENNISHERNANDEZ.COM

within twenty (20) days after service of this summons on that Defendant, exclusive of the day of

service, and to file the original of the written defenses with the Clerk of this Court either before

eFiled Lee County Clerk of Courts Page 1

service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

DATED on ___05/11/2022___, 2022.

Kevin C. Karnes
As Clerk of the Court

By _____
As Deputy Clerk

(Court Seal)

## VERIFIED RETURN OF SERVICE

**State of Florida**                    **County of LEE**                    Circuit Court

Case Number: 22-CA-001874

Plaintiff:
**ARTHUR MILLER**
vs.
Defendant:
**SAMUEL KAUFMAN**

For: Dennis Hernandez
     DENNIS HERNANDEZ & ASSOCIATES, PA

Received by Professional Investigative Group on the 12th day of May, 2022 at 3:53 pm to be served on **SAMUEL KAUFMAN, 13403 ELLERTON TERRACE, MIDLOTHAIN, VA 23113** I, _CARROLL D. NELNER_ being duly sworn, depose and say that on the _13_ day of _MAY_, 20_22_ at _12:45_ .m., executed service by delivering a true copy of the **SUMMONS, AMENDED COMPLAINT, PLAINTIFF'S REQUEST TO PRODUCE, NOTICE OF SERVING INTERROGATORIES AND INTERROGATORIES TO DEFENDANT and STANDING CASE MANAGEMENT PLAN/ORDER and DESIGNATION OF EMAIL** in accordance with state statutes in the manner marked below.

( ) INDIVIDUAL SERVICE: Served the within-named person.

(✓) SUBSTITUTE SERVICE: By serving _JORDANA KAUFMAN_      _WIFE_

( ) SUBSTITUTE - PRIVATE MAILBOX: served by delivering a true copy of the documents to: _____
_____, a person in charge at the recipient's private mailbox: the only address known after reasonable investigation and after determining that the person to be served maintains a mailbox at this location in compliance with Florida Statute 48.031(6)

( ) AUTHORIZED SERVICE: By serving _____ as peron authorized to accept service.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or (✓No  If yes, what branch? _____

Marital Status: (✓) Married or ( ) Single  Name of Spouse _____

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

F.S. 92.525: Under penalties of perjury, I declare that I have read the foregoing and that facts stated in it are true, followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words: "to the best of my knowledge

PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

**Professional Investigative Group**
**6151 Lake Osprey Drive**
**3rd Floor**
**Sarasota, FL 34240**
**(877) 733-2296**

Our Job Serial Number: 2022002999

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i