THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHUR MILLER,

    Plaintiff,

vs.     Case No: 2:22-cv-345

SAMUEL KAUFMAN,

    Defendant.
_____ /

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, SAMUEL KAUFMAN, by and through his undersigned counsel, and serves his Answer and Affirmative Defenses to Plaintiff, ARTHUR MILLER's Amended Complaint filed herein as follows:

1. The Defendant admits for jurisdictional purposes only the allegations of Paragraph 1 of Plaintiff's Amended Complaint.

2. The Defendant admits the allegations of Paragraph 2 of Plaintiff's Amended Complaint.

3. The Defendant admits the allegations of Paragraph 3 of Plaintiff's Amended Complaint.

4. The Defendant admits the allegations of Paragraph 4 of Plaintiff's Amended Complaint.

## **GENERAL FACTUAL ALLEGATIONS**

This Defendant repeats and realleges their responses to the allegations of Paragraphs 1 through 4 above, and each of them, in their entirety as if fully set forth herein.

5. The Defendant admits the allegations of Paragraph 5 of Plaintiff's Amended Complaint.

6. The Defendant is without knowledge and therefore denies the allegations of Paragraph 6 of Plaintiff's Amended Complaint.

7. The Defendant admits the allegations of Paragraph 7 of Plaintiff's Amended Complaint.

8. The Defendant admits the allegations of Paragraph 8 of Plaintiff's Amended Complaint.

9. The Defendant denies the allegations of Paragraph 9 of Plaintiff's Amended Complaint.

10. The Defendant admits the allegations of Paragraph 10 of Plaintiff's Amended Complaint.

11. The Defendant denies the allegations of Paragraph 11 of Plaintiff's Amended Complaint.

## COUNT I
## PLAINTIFF'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT

This Defendant repeats and realleges their responses to the allegations of Paragraphs 1 through 11 above, and each of them, in their entirety as if fully set forth herein.

12. The Defendant admits the allegations of Paragraph 12 of Plaintiff's Amended Complaint.

13. The Defendant denies the allegations of Paragraph 13 of Plaintiff's Amended Complaint and each and every subparagraph thereto.

14. The Defendant denies the allegations of Paragraph 14 of Plaintiff's Amended Complaint.

WHEREFORE Defendant, SAMUEL KAUFMAN, respectfully request this Honorable Court enter an order dismissing the Plaintiff's Amended Complaint and award the Defendant their fees, costs and such further relief this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

15. The Defendant affirmatively alleges that the carelessness and negligence of the Plaintiff was the sole or proximate cause of the happening of the incident which is the subject matter of this suit and the damages complained of and, accordingly, Plaintiff is estopped from recovery herein. Alternatively, the carelessness or negligence of Plaintiff contributed to the cause of the accident

and the damages complained of so that the negligence of all parties, if any, must be compared.

16. The Defendant affirmatively alleges the terms and provision of <u>Florida Statute §768.81</u>.

17. The Defendant affirmatively alleges that if Plaintiff has sustained or incurred any damages on the matters referred to in his Complaint, it is the result of the negligence of other parties, person, or entities other than the Defendant, and accordingly, the Defendant bear no responsibility therefore, or alternatively, the carelessness or negligence of such other persons, parties or entities contributed to the cause of the incident complained of, so that the negligence of all persons, parties or entities, if any, must be compared.

18. The Defendant affirmatively alleges that any recovery for or on behalf of Plaintiff should be reduced by the amount of collateral source payments as prescribed by <u>Florida Statute §768.76</u>, paid or payable, for or on behalf of the Plaintiff.

19. The Defendant affirmatively alleges that Plaintiff may not recover any damages for past or future medical expenses above the amount which was paid and accepted or which is to be paid and accepted by the Plaintiff's healthcare providers as payment in full.  The Defendant further allege that they are entitled to a set-off against Plaintiff's medical providers and the

amounts paid pursuant to any fee schedules or contracts between Plaintiff's medical providers, insurers and/or payors, as well as all write-offs or reductions of any kind.

20. The Defendant affirmatively alleges that Plaintiff has failed to meet the threshold requirements of Florida Statute §627.737.

21. The Defendant affirmatively alleges that Plaintiff's alleged damages were caused by the fault of other parties, named or unnamed, and as a result, the Defendant should be liable, if at all, only for its proportionate share of liability, pursuant to Florida Statutes §768.81(3), Messmer v. Teachers Ins. Co., 588 So.2d 610 (Fla. 5th DCA 1991), and as further supported in Fabre v. State Farm Mutual Automobile Insurance Company, 623 So.2d 1182 (Fla. 1993). Defendant are undertaking reasonable investigation and discovery in connection with this affirmative defense as the case proceeds.  It is anticipated that, by the time of the pre-trial conference, at which it is appropriate to narrow the issues to be tried, Defendant may be in a position to specifically name or specifically identify potential Fabre Defendant, or in the alternative, may be in the position to withdraw such affirmative defense.  All rights are preserved in connection with such defense.

22. The Defendant affirmatively alleges that Plaintiff failed to wear available and fully operational seatbelts, and that such failure was unreasonable under the

circumstances and either caused or contributed to the injuries, if any, suffered by Plaintiff herein.

23. The Defendant affirmatively alleges that Plaintiff suffered from a previously existing condition or conditions, and accordingly, Plaintiff cannot recover for such conditions.

24. The Defendant affirmatively alleges that any recovery herein should be reduced or barred by Plaintiff's failure to mitigate their damages, if any.

**DEMAND FOR JURY TRIAL**

Defendant, SAMUEL KAUFMAN, hereby demands a trial by jury on all issues so triable.

Respectfully submitted:

*/s/Elizabeth Dehaan*
Elizabeth Dehaan, Esquire
Florida Bar No: 105846
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-edehaan@bankerlopez.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically served via the Court's CM/ECF System and by way of USPS, postage prepaid, this 1st day of June 2022, on the following counsel of record identified below:

Brittany Varrichio, Esq.
Dennis Hernandez, Esq.
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, Florida 33609
Tel No.: (813) 250-0000
litigation@dennishernandez.com
*Counsel for Plaintiff*

 

*/s/ Elizabeth Dehaan*
Elizabeth Dehaan, Esquire
Florida Bar No: 105846
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-edehaan@bankerlopez.com
*Attorneys for Defendant*